IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00042 (WLS-TQL) |
| | : |
| KIMBERLY KILLGORE BLACK, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is a "Joint Motion to Continue" filed by the parties in the above-styled action October 6, 2021. (Doc. 19.) Therein, counsel for the Government and Defendant Kimberly Killgore Black ask that this Court continue this case to the next available trial term. (*Id.*) The Parties explain that Defendant Black was only recently appointed counsel and that the discovery process has just begun. (Id.) Therefore, additional time is needed to complete discovery, assess the case, conduct investigations, file any necessary pre-trial motions, and engage in any negotiations. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant counsel the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant' s in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Joint Motion to Continue (Doc. 19) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the February 2022 trial term in Valdosta, Georgia, which begins February 7, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the February 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The pretrial conference currently set for October 12, 2021 is **CONTINUED** and shall be **RESCHEDULED** for the February 2022 trial term in the Valdosta division of this Court and will be noticed by separate order of the Court.

**SO ORDERED**, this 8th day of October 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**