IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Case No.: 7:21-CR-00042 (WLS-TQL) |
| : | |
| KIMBERLY KILLGORE BLACK, : | |
| : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is a "Joint Motion for Continuance" filed by the parties in the above-styled action June 14, 2022. (Doc. 31.) Therein, counsel for the Government and Defendant Kimberly Killgore Black ask that this Court continue this case to the next available trial term. (*Id.*) The Parties explain that Defendant Black was recently arrested on new state charges in Lowndes County, Georgia. (*Id.* at 2; Doc. 30.) The Parties note that there is a possibility that the United States Probation Office may seek a revocation of Defendant Black's bond for the instant case due to her new charges, and additional time is needed to determine the impact the new charges may have on this action. (*Id.* at 2.) Further, both parties indicate that additional time is needed "to assess the need for any additional discovery; to file any motions deemed appropriate; and to complete the current negotiations aimed at a possible resolution of the matter." (*Id.*) Finally, based on the aforementioned reasons, the Parties request that the Court cancel the change of plea hearing scheduled for June 28, 2022 in the Albany Division of this Court. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016).

Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the Parties' stated reasons, the Parties' "Joint Motion for Continuance" (Doc. 31) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). It is **ORDERED** that the case is **CONTINUED** to the November trial term in Valdosta, Georgia, which begins November 7, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the November 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice. Based on the Parties joint motion and this continuance, the change of plea hearing scheduled for June 28, 2022 is hereby **CANCELLED**.

**SO ORDERED**, this 15th day of June 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**